IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH BARNARD HINES, TDCJ-ID #901768, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-0759 |
| DOUGLAS DRETKE, | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Joseph Barnard Hines, proceeding pro se, filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his state conviction. Pending before the court is Respondent Dretke's Motion for Summary Judgment (Docket Entry No. 11). Petitioner has filed a Motion with Supporting Memorandum of Law to Controvert (Docket Entry No. 13). For the reasons discussed below, the court will grant the motion for summary judgment and deny Hines' petition for a writ of habeas corpus.

### I. Factual and Procedural Background

A Harris County jury convicted Hines of aggravated sexual assault based on the events of December 14, 1997.[1] At about 8:00 p.m., three armed men kicked open the front door of a

---

[1] State v. Hines, No. 809,892 (180th Dist. Ct., Harris County, Tex., Oct. 30, 1999).

residence, and repeatedly sexually assaulted a fifteen year-old girl on a quilt on the floor, while holding her parents at gunpoint. Neither the parents nor the daughter clearly saw the assailants. At trial Hines was identified as one of the assailants based on the results of DNA analysis from semen stains on the quilt. The jury sentenced Hines to life in prison on October 30, 1999.

Hines appealed his conviction. The Texas Court of Appeals for the 14th District affirmed the conviction on February 8, 2001.[2] On September 26, 2002, Hines filed a Motion to File Out of Time Petition for Discretionary Review, which was denied on October 2, 2002. Nonetheless, Hines filed a Petition for Discretionary Review on October 21, 2002. Because the Motion to File Out of Time Petition for Discretionary Review was denied, the Petition was returned with no action taken on December 18, 2002.

Hines then pursued collateral review. On April 28, 2003, Hines filed a state court application for writ of mandamus that was denied without a written order;[3] on May 2, 2003, Hines filed a state court application for a writ of habeas corpus challenging his aggravated sexual assault conviction, which was denied without a

---

[2] Hines v. State, 38 S.W.3d 805 (Tex. App. -- Houston [14th Dist.] 2001, no pet.).

[3] Ex parte Hines, Application No. 55,762-01 (Tex. Crim. App. Aug. 25, 2004).

-2-

written order;[4] and on October 9, 2003, Hines filed a state court application for a writ of certiorari that was denied without a written order.[5]

On March 8, 2005, Hines filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1). He alleges that

(1) the trial court lacked jurisdiction; and

(2) he was denied effective assistance of counsel because counsel failed to (a) cross-examine effectively the prosecution's expert, (b) object to the jurisdiction of the court during trial, and (c) move for a new trial.

## II. Standards of Review

**A. Summary Judgment**

A court grants summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). A "genuine issue as to any material

---

[4] Ex parte Hines, Application No. 55,762-05 (Tex. Crim. App. Aug. 25, 2004).

[5] Ex parte Hines, Application No. 55,762-07 (Tex. Crim. App. Feb. 18, 2004).

fact" requires evidence "such that a reasonable jury could return a verdict for the nonmoving party." Id.

The movant bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the record], which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).  Once the movant demonstrates the absence of a genuine issue of material fact, the "adverse party may not rest upon mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "[S]ome metaphysical doubt as to the material facts, . . . conclusory allegations, . . . unsubstantiated assertions . . . or . . . only a scintilla of evidence" does not suffice. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986); Lujan v. Nat'l Wildlife Fed'n, 110 S. Ct. 3177, 3188 (1990); Hopper v. Frank, 16 F.3d 92, 97 (5th Cir. 1994); Davis v. Chevron USA, Inc., 14 F.3d 1082, 1086 (5th Cir. 1994)) (internal quotation marks omitted).

When considering a summary judgment motion, the court resolves any doubts and draws any inferences in favor of the nonmoving party. Hunt v. Cromartie, 119 S. Ct. 1545, 1552 (1999).

Additionally, the court should construe liberally the petitions of prisoners seeking habeas relief.  See Haines v. Kerner, 92 S. Ct. 594 (1972) (per curiam).  Procedural rules must give way at times because of the "unique circumstance of incarceration."  McNeil v. United States, 113 S. Ct. 1980, 1984 (1993) (citing Houston v. Lack, 108 S. Ct. 2379, 2385 (1988)).  Overall, the court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers."  Haines, 92 S. Ct. at 596.

**B.    AEDPA**

The federal courts' power to issue writs of habeas corpus to prisoners challenging state convictions is subject to relevant portions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Congress enacted the statute to prevent "retrials" of state criminal actions, Bell v. Cone, 122 S. Ct. 1843, 1849 (2002), and "'to further the principles of comity, finality, and federalism.'"  Woodford v. Garceau, 123 S. Ct. 1398, 1401 (2003) (quoting Williams v. Taylor, 120 S. Ct. 1479, 1490 (2000)).

AEDPA contains a one-year statute of limitations on petitions for writ of habeas corpus.  The statute states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

-5-

>    (B) the date on which the impediment to
>    filing an application created by State
>    action in violation of the constitution or
>    laws of the United States is removed, if the
>    applicant was prevented from filing by such
>    State action;
>
>    (C) the date on which the constitutional
>    right asserted was initially recognized by
>    the Supreme Court, if the right has been
>    newly recognized by the Supreme Court and
>    made retroactively applicable to cases on
>    collateral review; or
>
>    (D) the date on which the factual predicate
>    of the claim or claims presented could have
>    been discovered through the exercise of due
>    diligence.
>
> (2) The time during which a properly filed application
> for State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2444(d).  In Texas, the time to file a petition for discretionary review of a criminal case is thirty days after either the court of appeals' judgment was rendered or the last timely motion for rehearing was overruled.  Tex. R. App. P. 68.2(a).  If the thirtieth day is a Saturday, Sunday, or legal holiday, then the time period extends to the first day that is not a Saturday, Sunday, or legal holiday.  Tex. R. App. P. 4.1(a).

### III.  Analysis

The one-year statute of limitations period runs from the latest of four possible dates.  Hines does not assert that the State created an impediment to filing an application.  Similarly,

Hines does not assert a constitutional right that was initially recognized after his conviction and made retroactive to cases on collateral review. Lastly, Hines does not establish that the factual predicate of the claims presented could not have been discovered prior to conviction through the exercise of due diligence. Therefore, the relevant date is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

Hines' judgment became final on March 12, 2001. Since the court of appeals affirmed Hines' conviction on February 8, 2001, the time to file a petition for discretionary review expired thirty days later on March 10, 2001. However, because March 10, 2001, was a Saturday, the thirty-day period extended through March 12, 2001. Hines did not file a petition for discretionary review before March 12, 2001. Instead, Hines filed a Motion to File Out of Time Petition for Discretionary Review on September 26, 2002, which was denied. Hines' Petition for Discretionary Review filed on October 21, 2002, was not considered because the previous motion had been denied.

Although the statute of limitations is tolled while state post-conviction proceedings and collateral review are pending, Hines filed his first collateral review action on April 28, 2003, after the one-year statute of limitations period expired. Consequently, the statute of limitations bars any petition for writ

of habeas corpus filed by Hines after March 12, 2002.  Since Hines did not file his federal petition until March 8, 2005, it is barred by limitations.

## IV.  Conclusion and Order

Because Hines did not timely file his petition, Respondent's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.  The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 10th day of August, 2005.

                                   _____
                                            SIM LAKE
                                   UNITED STATES DISTRICT JUDGE